UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.4)
Eastern Division

Luigi Jose Blanco Velasquez
                    Plaintiff,
v.                                              Case No.: 1:25−cv−13372
                                                Honorable Sharon Johnson Coleman
Sam Olson
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, November 7, 2025:

    MINUTE entry before the Honorable Sharon Johnson Coleman: The issues presented to the Court in this case have arisen before numerous courts across the U.S., including courts in this District. See Ochoa v. Noem, No. 25−cv−10865 (N.D. Ill. Oct. 16, 2025); Miguel v. Noem et al, No. 25−cv−11137 (N.D. Ill. Oct. 21, 2025); Alejandro v. Olson, No. 25−cv−02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases). In H.G.V.U. v. Smith, No. 25−cv−10931 (N.D. Ill. Oct. 21, 2025), this Court granted a petition for a writ of habeas corpus and addressed these issues. This Court found that 8 U.S.C. §1252(a)(2)(B)(ii), § 1252(b)(9), and § 1252(g) do not strip district courts of jurisdiction over habeas petitions for detention hearings, and that requiring a petitioner to exhaust remedies by attempting to appeal the denial of bond would be futile, rendering exhaustion inappropriate. This Court concluded that the mandatory detention provision within 8 U.S.C. § 1225(b)(2)(A) does not apply to noncitizens who are "inadmissible" but are already present in the country (such as Mr. Velasquez). Rather, § 1226(a) applies in that case, subjecting those noncitizens to discretionary detention and entitling them to a bond hearing before an immigration judge. This Court rejected the Board of Immigration Appeals' interpretation of the Immigration and Nationality Act of 1952, as amended ("INA") in Matter of Yajure Hurtado, 29 IN Dec. 216 (BIA 2025) as incorrect as a matter of law, noting that it is neither binding on nor persuasive to this Court. This Court reaffirmed its findings as to each of these arguments in Perez Padilla v. Noem et al, No. 25−cv−12462 (N.D. Ill. Oct. 22, 2025). The Court's findings remain unchanged.The Court therefore grants Mr. Velasquez's Petition [1]. The Court orders that Respondents provide Mr. Velasquez with a bond hearing pursuant to the process outlined in 8 U.S.C. § 1226(a) by Wednesday, 11/12/2025. Respondents may not deny Mr. Velasquez a bond hearing on the basis of Matter of Yajure Hurtado, 29 IN Dec. 216 (BIA 2025). At the bond hearing, Respondents must show by clear and convincing evidence that Mr. Velasquez poses a danger to the community or poses a risk of flight such that detention is necessary. See Perez Padilla, No. 25−cv−12462, Dkt. 14 at *45. Alternatively, Respondents may choose to release Mr. Velasquez immediately. The in−person status hearing set for 11/13/2025 at 1:30pm, stands. Mailed notice. (ym)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.